# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KGR HOLDINGS, LLC and KPF HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JAL EQUITY CORP, KAPPA GRAPHICS, LLC, and KAPPA PRODUCT FULFILLMENT SERVICES, LLC, <br><br> Defendants. | ) ) ) ) ) Case No. 1:25-cv-00101 (MN) ) ) ) ) ) ) ) ) ) ) |

## SCHEDULING ORDER

This _____ day of _____, 2025, the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fifteen (15) days of the date the Court entered this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at

1

http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **September 19, 2025**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend or supplement the pleadings shall be made pursuant to the procedures set forth in Paragraphs 7(f) and 8.

3. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(f) below.

> Any proposed protective order must include the following paragraph:
>
> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective

order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

6. <u>ADR Process.</u>  This matter is **NOT** referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Discovery.</u>  Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) <u>Fact Discovery Cut Off.</u>  All fact discovery in this case shall be initiated so that it will be completed on or before **September 30, 2025**.

(b) <u>Document Production.</u>  Document production shall be substantially complete by **July 25, 2025**.

(c) <u>Requests for Admission.</u>  Plaintiffs (collectively) are permitted a maximum of **20** requests for admission.  Defendants (collectively) are permitted a maximum of **20** requests for admission.

(d) <u>Interrogatories.</u>

    i. Plaintiffs (collectively) are permitted a maximum of **25** interrogatories, including contention interrogatories.  Defendants (collectively) are permitted a maximum of **25** interrogatories, including contention interrogatories.

    ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e) <u>Depositions.</u>

    i. <u>Limitation on Hours for Deposition Discovery.</u>  Plaintiffs (collectively) are limited to a total of **15** hours of taking testimony by deposition upon oral examination.  Defendants (collectively) are limited to a total of **15** hours of taking testimony by deposition upon oral examination.

    ii.    <u>Location of Depositions.</u>

        a.    Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        b.    Subject to the limitations set forth herein, the parties agree that any representative or employee of the Plaintiffs or Defendants to be deposed shall submit to a deposition at a place designated within this district.

(f)    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

    i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii.    Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to

a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

   iii. On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

   iv. The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

   v. Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

  8. <u>Motions to Amend / Motions to Strike.</u>

   (a) Any motion to amend or supplement (including a motion for leave to amend or supplement) a pleading or any motion to strike any pleading or

other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(f) above.

(b) Any such motion shall attach the proposed revised pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

9. <u>Case Dispositive Motions.</u> Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in cases proceeding to a bench trial.

10. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Motions *in Limine*.</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be

combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

12. Pretrial Conference. On **January 16, 2026**, the Court will hold a pretrial conference in Court with counsel beginning at **4:30 p.m.** The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

13. Trial. This matter is scheduled for a **two (2)** day bench trial beginning at **9:30 a.m. on January 26, 2026**, with the subsequent trial days beginning at 9:00 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

| | |
|---|---|
| FAEGRE DRINKER<br>BIDDLE & REATH LLP | BILLION LAW |
| */s/ Todd C. Schiltz*<br>Todd C. Schiltz (#3253)<br>Ryan M. Messina (# 6875)<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>(302) 467-4200<br>todd.schiltz@faegredrinker.com<br>ryan.messina@faegredrinker.com<br><br>*Attorneys for Plaintiffs,*<br>*KGR Holdings, LLC*<br>*and KPF Holdings, LLC* | */s/ Mark M. Billion*<br>Mark M. Billion (#5263)<br>20184 Coastal Hwy. Suite 205<br>Rehoboth Beach, DE 19971<br>(302) 428-9400<br>markbillion@billionlaw.com<br><br>*Attorneys for Defendants* |

    IT IS SO ORDERED.


_____
The Honorable Maryellen Noreika
United States District Judge

9