# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KGR HOLDINGS, LLC AND<br>KPF HOLDINGS, LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>JAL EQUITY CORP, KAPPA<br>GRAPHICS, LLC, and KAPPA<br>PRODUCT FULFILLMENT<br>SERVICES, LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 1:25-cv-00101 (MN)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

This Protective Order ("Protective Order" or "Order") is issued to facilitate document disclosure and production under the Local Rules of the District of Delaware (the "Local Rules") and the Federal Rules of Civil Procedure.

Unless modified pursuant to the terms contained in this Protective Order, this Protective Order shall remain in effect through the conclusion of this litigation.

In support of this Protective Order, the Court finds that:

**i)** Documents or information containing (i) confidential research, (ii) development, business, commercial, proprietary, sensitive, or personal information or (iii) trade secrets within the meaning of Fed. R. Civ. P. 26(c) ("Confidential Information") that bear on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in the above-referenced litigation ("Action");

**ii)** The parties to this Action may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and/or could place that party at a competitive disadvantage; and

**iii)** To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this Action, issuance of the following Protective Order is appropriate.

**IT IS THEREFORE ORDERED THAT:**

**1.** **Scope**. This Protective Order shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL" (the "Confidentiality Designation") pursuant to this Order, including but not limited to, the following documents which may contain Confidential Information: all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof.

**2.** **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

**3.** **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings,

briefs, exhibits, transcripts or other documents which may be prepared in connection with this Action which contain or refer to the Confidential Information or information contained therein.

4. **Designating Material as Confidential**. Any party, or any third party subpoenaed by one of the parties, may designate as Confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this Action if they contain Confidential Information. Information that is publicly available may not be designated as Confidential. The designation of materials as Confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

5. **Form and Timing of Designation.**

    a. **Documents And Written Materials.** The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp setting forth the Confidentiality Designation, if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

    b. **Electronically Stored Information ("ESI").** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the Confidentiality Designation to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a

reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL."

c. **Deposition Testimony.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to which the "CONFIDENTIAL" designation applies, except that any exhibit that was marked with a Confidentiality Designation at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to fall within the provisions of this Order without further designation.

d. **Re-Designation of Confidential Information.** The labeling or marking of a document or tangible thing with a Confidentiality Designation shall be made when a copy of the document or thing is provided to the Receiving Party as described above. Any Confidentiality Designation that is inadvertently omitted or mis-designated may be corrected by written notification to counsel for the Receiving Party, and the Receiving Party shall thereafter treat the materials as having been designated with the Confidentiality Designation later-provided as appropriate. The designating party shall provide to the Receiving Party substitute copies of the material with the proper designation, and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the Receiving Party has disseminated the Confidential Information to individuals not authorized to receive it hereunder based on the new designation, it shall make a reasonable effort to retrieve the Confidential Information, or if the

Receiving Party is authorized to view such material under its revised designations, to otherwise ensure that the recipient(s) properly mark the Confidential Information and maintain the confidentiality of the Confidential Information according to its new designation, but shall have no other responsibility or obligation with respect to the information disseminated that cannot reasonably be retrieved.

6. **Limitation of Use.**

   a. **General Protections**. All information that has received a Confidentiality Designation, including all information derived therefrom, shall be used by any Receiving Party solely for purposes of prosecuting or defending this Action. A Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, a Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

   b. **Persons To Whom Information Marked "Confidential" May Be Disclosed.** Use of any information, documents, or portions of documents marked "CONFIDENTIAL," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of

this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

2. in-house counsel for the parties, and the administrative staff for each in-house counsel;

3. an employee, director, officer, or manager of a Receiving Party, but only to the extent necessary to further the interest of the Receiving Party in this Action, provided that such persons have completed the certification attached hereto as Attachment A, *Acknowledgment of Understanding and Agreement to be Bound*;

4. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this Action, but only to the extent necessary to further the interest of the Receiving Party in this Action, and only after such persons have completed the certification attached hereto as Attachment A, *Acknowledgment of Understanding and Agreement to be Bound* and satisfied the requirements of paragraph 6(c) herein;

5. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this Action;

6. the authors and the original recipients of the documents;

7. any court reporter or videographer reporting a deposition;

8. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this Action;

9. interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to this Action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this Action (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided that such persons have completed the certification attached hereto as Attachment A, *Acknowledgment of Understanding and Agreement to be Bound*;

10. any other person agreed to in writing by the parties, provided that such persons have completed the certification attached hereto as Attachment A, *Acknowledgment of Understanding and Agreement to be Bound*; or

11. professional jury or trial consultants, mock jurors, or professional vendors, to whom disclosure is reasonably necessary for this Action, provided that such persons have completed the certification attached hereto as Attachment A, *Acknowledgment of Understanding and Agreement to be Bound*.

c. **Additional Requirements for Disclosure to Experts and Consultants.** Counsel desiring to disclose Confidential Information to experts or consultants specified in Paragraph 6(b)(4) above shall first obtain a signed undertaking, in the form of Attachment A attached hereto, from each such expert or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel with the current curriculum vitae for such expert or consultant. Such curriculum vitae, or other disclosure materials provided therewith, shall identify all current and former employers and/or consulting engagements outside of those associated with the identified current and former employers within the ten (10) years prior to the date of such disclosure, as well as a list of the cases in which the person has testified at deposition or trial within the last five (5) years. No Confidential Information shall be disclosed to such expert or consultant attorney until after the expiration of a five (5) business day period commencing with the service of a copy of the proposed undertaking and curriculum vitae, provided, however, that if during that five (5) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential Information to such expert or consultant except by mutual agreement of the parties or further order of the Court. All objections must be made in writing and for good cause and must state the reasons for such objections. If opposing counsel objects to disclosure to the person within such five (5) business day period, the parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the

party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the person in question until the Court resolves the objection.

7. **Inadvertent Production.** Inadvertent production of any document or information with a Confidentiality Designation shall be governed by Fed. R. Evid. 502. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection of Protected Information (defined below) against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of the Litigation, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows: a. the production of documents or ESI (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information; b. the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the Receiving Party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind; c. if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing that it has discovered Protected Information, identify the Protected Information by Bates number range, and return or sequester such Protected Information until the

Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Entity; d. upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Protected Information; e. if the Producing Entity intends to assert a claim of privilege or other protection over Protected Information identified by the Receiving Party, the Producing Entity will, within five (5) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection; f. if, during the course of the litigation of this Action, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected

Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After receiving such written notification, the Receiving Party must, within five (5) business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof; g. a Receiving Party's return, sequestration, or destruction of such Protected Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Protected Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure; h. nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party; and i. prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked with a Confidentiality Designation under this Order, or in any individual portion of such a document, shall be affixed with the same Confidentiality Designation if it does

not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

8. **Filing Materials Containing Information with a Confidentiality Designation.** In the event a party seeks to file with the Court any Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure. Any party may file or lodge with the Court documents or tangible items designated pursuant to this Order. Any briefs, transcripts, exhibits, depositions, or documents that are filed with the Court and that comprise, embody, summarize, or quote from documents or tangible things designated as containing Confidential Information shall be sealed, unless the parties otherwise agree in writing or the Court otherwise orders. Where reasonably practicable, only the portions of such documents that contain Confidential Information shall be lodged under seal. Any document or tangible item designated pursuant to this Order that is filed with the Court shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

9. **Attorneys Allowed to Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this Action or from doing anything necessary to prosecute or defend this Action and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

**10.     Excluding Others From Access.** Whenever information bearing a Confidentiality Designation pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information may exclude from the room any person, other than persons designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition.

**11.     No Voluntary Disclosure to Other Entities.** The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this Action as set forth in Paragraph 6 of this Order or as otherwise commanded by law or provided in this Order. Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material.

**12.     Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**13.     Disputes As to Designations.** Each party has the right to dispute the Confidentiality Designation asserted by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately

designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the Confidentiality Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Fed. R. Civ. P. 26(c). In the event of disagreement, then the party seeking to challenge the Confidentiality Designation and have the material de-designated may seek relief from the Court. The Producing Entity shall retain the burden of proving that the Confidential Information in question is protectable under Fed. R. Civ. P. 26(c) or some other basis, or as the case may be, that the designation is appropriate. A party that disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

14. **Information Security Protections.** Any person in possession of Confidential Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information. If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, the Receiving Party shall: (1) notify the person or entity who designated the materials under the terms of this Order of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Producing Entity can reasonably ascertain the size

and scope of the breach. The Receiving Party agrees to cooperate with the Producing Entity or law enforcement in investigating any such security incident. The Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

15. **All Trials Open to Public.** All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent further order of the Court, there will be no restrictions on any party's ability to use during a Public Hearing any document or information that has marked with a Confidentiality Designation or documents or information derived therefrom that would disclose such confidential information. The parties reserve the right to seek further protections from the Court, including requesting that the courtroom be sealed, as appropriate, for trial and/or proceedings.

16. **No Waiver of Right to Object.** This Order does not limit the right of any party to object to the scope of discovery in the Action.

17. **No Determination of Admissibility or Other Legal Status.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto, nor does designating a document or accepting a designated document without objection constitute any admission or acknowledgement of any kind as to the actual confidentiality, trade secret, or other legal status of the document.

18. **No Admissions.** Designation by any party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective

Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents under this Order.

19. **No Prior Judicial Determination.** This Order is entered for the purpose of facilitating discovery in this Action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the parties made a Confidentiality Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

21. **Parties May Consent to Disclosure.** Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this paragraph.

22. **Party's Own Information.** The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of information received by a party from another party or from a nonparty. A party is free to use its own information as it pleases.

23. **Use Of Confidential Information.** Confidential Information shall be used solely for the purposes of litigating this Action and shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.

24. **Return Of Materials Upon Termination of The Action.** Upon the written request and expense of the Producing Entity, within 45 days after the entry of a final judgment no longer subject to appeal on the merits of this Action, or the execution of any agreement between the parties to resolve amicably and settle this Action, the parties and any person authorized by this Protective Order to receive Confidential Information shall return to the Producing Entity, or destroy, all information and documents subject to this Protective Order, unless the specific document or information has been offered into evidence or filed without restriction as to disclosure. The party requesting the return of materials shall pay the reasonable costs of responding to its request. The party returning or destroying the documents or other information shall certify that it has not maintained any copies of Confidential Information, except as permitted by this Order.

25. **Counsel Allowed to Retain Copy of Filings.** Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach Confidential Information. Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any Confidential Information.

## *[SIGNATURE PAGE]*

*/s/ Todd C. Schiltz*  
Todd C. Schiltz (#3253)  
Ryan M. Messina (# 6875)  
222 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
(302) 467-4200  
Todd.Schiltz@faegredrinker.com  
Ryan.Messina@faegredrinker.com  

*Attorneys for Plaintiffs*

*/s/ Mark Billion*  
Mark Billion (#5263)  
BILLION LAW  
20184 Coastal Hwy., Ste. 205  
Rehoboth Beach, DE 19971  
302.674.2210  
markbillion@billionlaw.com  

*Attorneys for Defendants*

SO ORDERED this ____ day of _____, 20___.

_____
THE HONORABLE MARYELLEN NOREIKA