IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KGR HOLDINGS, LLC and KPF HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JAL EQUITY CORP, KAPPA GRAPHICS, LLC, and KAPPA PRODUCT FULFILLMENT SERVICES, LLC, <br><br> Defendants. | Case No. 1:25-cv-00101-MN |

## SUPPLEMENTAL COMPLAINT

KGR Holdings, LLC ("KGR") and KPF Holdings, LLC ("KPF" and together with KGR, the "Plaintiffs"), by and through their undersigned counsel, bring this Supplemental Complaint against JAL Equity Corp ("JAL"), Kappa Graphics, LLC ("Kappa Graphics") and Kappa Product Fulfillment Services, LLC ("Services," and together with JAL and Kappa Graphics, "Defendants").

This complaint asserts claims for breach of contract, indemnification and specific performance. Plaintiffs and Defendants are parties to an Equity Purchase Agreement that required JAL to release $350,000 in withheld funds to Plaintiffs on two separate occasions: by December 4, 2024, and by September 4, 2025. JAL did not release the $350,000 to Plaintiffs by December 4, 2024 despite acknowledging

its obligation to do so and promising the funds were forthcoming. JAL has also repudiated its obligation to release an additional $350,000 to Plaintiffs by September 4, 2025, contending for the first time long after this lawsuit was commenced that unspecified contractual breaches by Plaintiffs excused JAL from releasing the $700,000 due to Plaintiffs under the Equity Purchase Agreement. Defendants' breach and anticipatory repudiation have caused Plaintiffs to suffer "Losses" (as that term is defined in the Equity Purchase Agreement) and JAL, Kappa Graphics and Services are required to indemnify Plaintiffs for those Losses, but have not done so, in further breach of the parties' contract.

Plaintiffs now file this action, asserting claims for breach of contract, indemnification and specific performance and seek damages for the $700,000 owed, plus attorney fees and accrued and unpaid interest thereon. In support thereof, Plaintiffs allege as follows:

## THE PARTIES

1. KGR is a Pennsylvania limited liability company with its principal place of business in Fort Washington, Pennsylvania. The members of KGR are citizens of Delaware, New Jersey and Pennsylvania.

2. KPF is a Pennsylvania limited liability company with its principal place of business in Fort Washington, Pennsylvania. The members of KPF are citizens of New Jersey and Pennsylvania.

3. JAL is a Nevada corporation with its principal place of business at 101 Workman Ave., Eureka, MO 63025.

4. Kappa Graphics is a Delaware limited liability company. On information and belief, no member of Kappa Graphics is a citizen of the same state as the members of KGR or KPF.

5. Services is a Pennsylvania limited liability company. On information and belief, no member of Services is a citizen of the same state as the members of KGR or KPF.

## JURISDICTION AND VENUE

6. Plaintiffs bring this Complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

7. The parties also consented to and submitted to the exclusive jurisdiction of the federal courts situated in the State of Delaware in Section 8.5 of the Equity Purchase Agreement in connection with any actions, suits, or proceedings arising out of or relating to the Equity Purchase Agreement.

## FACTUAL BACKGROUND

8. Prior to February 29, 2024, KGR owned all of the issued and outstanding equity interests of Kappa Graphics and KPF owned all of the issued and outstanding equity interests of Services.

9. On February 29, 2024, KGR and KPF, as sellers, and JAL, as buyer, entered into an Equity Purchase Agreement pursuant to which KGR and KPF sold, transferred, assigned and delivered all of their respective equity interests in Kappa Graphics and Services to JAL. Equity Purchase Agreement, Section 1.1. A true and correct copy of the Equity Purchase Agreement is attached hereto as **Exhibit A**.

10. To secure the indemnification, payment, and performance obligations of KGR and KPF under the Equity Purchase Agreement, Section 1.6 of the Equity Purchase Agreement provided that JAL was entitled to withhold $700,000 (the "Holdback") from what it would pay Plaintiffs at closing. The Holdback was to be held and distributed by JAL to Plaintiffs on the terms and conditions of Section 7.9 of the Equity Purchase Agreement. Equity Purchase Agreement, Section 1.6.

11. Pursuant to Section 7.9 of the Equity Purchase Agreement, JAL was required to release $350,000 of the Holdback to KGR by December 4, 2024[1] and to release the remaining $350,000 of the Holdback to KGR by September 4, 2025. Equity Purchase Agreement, Section 7.9.

---

[1] Section 7.9 of the Equity Purchase Agreement states that $350,000 is payable to KGR by December 4, 2024 less the sum of (i) amounts paid from the Holdback to resolve any settled claims for indemnification by KGR and KPF and (ii) any unpaid amounts related to any unresolved indemnification claims made under Article VII (including the amount of any reasonably estimated claim made), and less any amounts owed to JAL under the Equity Purchase Agreement (together the "Reduction Amount"). As of December 4, 2024, no Reduction Amount exists and the full $350,000 was due and payable to Plaintiffs by that date.

12. Pursuant to Section 7.3 of the Equity Purchase Agreement, JAL, Kappa Graphics and Services agreed to indemnify and hold KGR and KPF harmless from "Losses," which is defined as "all damages, losses, expenses, costs and Liabilities (including reasonable attorneys' fees and costs of collection)," arising or resulting from the failure of JAL to perform, or breach by JAL of any of, its covenants or agreements contained in the Equity Purchase Agreement (the "Sellers Indemnification Provision"). Equity Purchase Agreement, Sections 7.3 and 7.6.

13. As set forth in section 8.15 of the Equity Purchase Agreement, the parties agreed, in addition to any other remedy to which they are entitled at law or in equity, that any party would be entitled to seek specific performance and other equitable relief to prevent breaches of the Equity Purchase Agreement and to enforce its specific terms and provisions. Equity Purchase Agreement, Section 8.15.

14. JAL did not release any funds from the Holdback to KGR on or before December 4, 2024, as was required by the Equity Purchase Agreement.

15. After December 4, 2024, Plaintiffs sent multiple emails to JAL inquiring about the status of the $350,000 payment (the "Past Due Payment").

16. On December 18, 2024, JAL responded to Plaintiffs' email, acknowledging that the Past Due Payment is due and owing, and stating that the Past Due Payment would be paid by December 31, 2024. A true and correct copy of this email correspondence is attached hereto as **Exhibit B**.

5

17. JAL did not pay the Past Due Payment or otherwise release any money from the Holdback to Plaintiffs on or before December 31, 2024.

18. On January 6, 2025, counsel to the Plaintiffs sent a letter to JAL giving notice of Plaintiffs' claim to indemnity and demanding that JAL pay Plaintiffs the Past Due Payment plus $2,373.29 in interest (calculated at the current prime interest rate) and Plaintiffs' attorney fees of $5,000 in accordance with the Sellers Indemnification Provision by January 10, 2025 (the "Demand Letter"). A true and correct copy of this letter is attached hereto as **Exhibit C**.

19. In response to the Demand Letter, on January 6, 2025, JAL stated that the Past Due Payment would be paid to Plaintiffs by January 17, 2025. A true and correct copy of this correspondence is attached hereto as **Exhibit D**.

20. JAL did not pay the Past Due Payment or otherwise release any money from the Holdback to Plaintiffs on or before January 17, 2025.

21. As of the date hereof, JAL has not paid the Past Due Payment. JAL is in material breach of its obligations under the Equity Purchase Agreement.

22. As of the date hereof, neither JAL, Kappa Graphics nor Services has indemnified Plaintiffs for the Losses Plaintiffs have incurred as a result of JAL's breach of the Equity Purchase Agreement. Defendants are in material breach of their obligations under the Equity Purchase Agreement.

23. On January 23, 2025, Plaintiffs filed this lawsuit against Defendants seeking, among other things, judgment in their favor, a monetary award for $350,000, pre and post-judgment interest and an award of attorney fees pursuant to the Equity Purchase Agreement.

24. On June 27, 2025, in the course of supplementing their responses to Plaintiffs' discovery, Defendants asserted for the first time that Plaintiffs had breached Section 5.5(a)(iii) of the Equity Purchase Agreement. In general, Section 5.5(a)(iii) prohibits Plaintiffs and their Affiliates (as that term is defined in the Equity Purchase Agreement) from inducing or attempting to induce customers or prospective customer to use the services of an organization that competes with Kappa Graphics or Services or to cease using services provided by Kappa Graphics or Services.

25. Defendants asserted that Plaintiffs' alleged prior breach of Section 5.5(a)(iii) "excuses Defendants' subsequent obligation to release the Holdback Amount," a term defined in the Equity Purchase Agreement as the full $700,000 due to Plaintiffs under Section 7.9.

26. Defendants made this assertion before producing any documents to Plaintiffs or receiving any documents or information from Plaintiffs in the lawsuit, *i.e.*, Defendants made this assertion at a time when they possessed no new

7

information that would provide a basis to change their acknowledgment that the Past Due Payment is due and owing. See **Exhibit B**.

27. Defendants' assertion that Plaintiffs have breached Section 5.5(a)(iii) is false. Plaintiffs, the Estate of Nicholas Karabots and their Affiliates (as that term is defined in the Equity Purchase Agreement) have fully complied with Section 5.5(a)(iii).

28. By asserting that a non-existing breach of Section 5.5(a)(iii) "excuses Defendants' subsequent obligation to release the Holdback Amount," *i.e.*, any portion of the $700,000 due to Plaintiffs under Section 7.9, Defendants confirmed they have no intent to and will not pay the $350,000 in Holdback that they must pay Plaintiffs on September 4, 2025.

29. On July 9, 2025, Plaintiffs' counsel sent Defendants' counsel an email stating:

> On June 27, 2025, defendants served supplemental discovery responses that, for the first time, asserted that defendants were excused from performing under the Equity Purchase Agreement ("EPA") because of plaintiffs' purported and unspecified prior breaches of section 5.5(a)(iii) of the EPA. While plaintiffs reject any suggestion they have breached section 5.5(a)(iii), defendants' contrary view demonstrates that defendants have no intent to and will not release the remaining $350,000 of the Holdback Amount due to Sellers' Representative on September 4, 2025, as required by section 7.9(a) of the EPA.
>
> Plaintiffs demand assurance that defendants will release the remaining $350,000 of the Holdback Amount due to Sellers' Representative by September 4, 2025. This assurance must be

> made in writing, sent to undersigned counsel on or before July 14, 2025, and include sufficient evidence of defendants' ability to pay. Unless defendants inform us otherwise, plaintiffs will proceed based on their understanding that payment will not be made as contractually required.

**Exhibit E**.

30. Plaintiffs sought adequate assurance of Defendants' performance through the July 9, 2025 email. Defendants' have not responded to the July 9, 2025 email.

31. Defendants' conduct demonstrates they are refusing to and will not perform their obligation to pay Plaintiffs $350,000 on September 4, 2025, and have repudiated their obligations regarding the $700,000 Holdback under the Equity Purchase Agreement.

## COUNT I
### Breach of Contract/Anticipatory Breach of Contract

32. Plaintiffs reallege and reincorporate each and every allegation set forth in the foregoing paragraphs.

33. The Equity Purchase Agreement is a valid and binding contract between Plaintiffs and Defendants.

34. Plaintiffs have fulfilled all of their obligations under the Equity Purchase Agreement.

35. JAL has materially breached and/or anticipatorily breached the Equity Purchase Agreement by failing to release $350,000 from the Holdback to KGR by

9

December 4, 2024, and by taking positions in this lawsuit that confirm JAL has no intention to and will not release the additional $350,000 from the Holdback that it owes KGR on September 4, 2025.

36. Plaintiffs have suffered Losses, as that term is defined in the Equity Purchase Agreement, in the amount of $700,000 as a result of JAL's failure to release and expressed intent not to release any of the $700,000 in Holdback to KGR.

37. JAL, Kappa Graphics and Services have materially breached the Equity Purchase Agreement by failing to indemnify Plaintiffs for the Losses Plaintiffs have suffered as a result of JAL's breaches.

38. As a result of these defaults, Defendants are liable for all attorney fees Plaintiffs have incurred and will incur arising from the breaches, including all fees incurred preparing and prosecuting this lawsuit, as well as interest calculated at the prime interest rate.

39. As a direct and proximate cause of Defendants' material breach of the Equity Purchase Agreement, Plaintiffs have suffered, and continue to suffer, extensive damages, injury, and loss.

## COUNT II
**Indemnification**

40. Plaintiffs reallege and reincorporate each and every allegation set forth in the foregoing paragraphs.

41. The Equity Purchase Agreement is a valid and binding contract between Plaintiffs and Defendants.

42. Plaintiffs have fulfilled all of their obligations under the Equity Purchase Agreement.

43. Under Section 7.3 of the Equity Purchase Agreement, Defendants must indemnify Plaintiffs for the Losses Plaintiffs have incurred as a result of Defendants' breaches of the Equity Purchase Agreement.

44. Defendants have not indemnified Plaintiffs for the Losses Plaintiffs have incurred and will incur. Plaintiffs' Losses continue to increase due to Defendants' breaches.

45. As a direct and proximate result of Defendants' failure to indemnify Plaintiffs, Plaintiffs have suffered, and continue to suffer, extensive damages, injury, and loss.

### COUNT III
### Specific Performance

46. Plaintiffs reallege and reincorporate each and every allegation set forth in the foregoing paragraphs.

47. The Equity Purchase Agreement is a valid and binding contract between Plaintiffs and Defendants.

48. Plaintiffs have fulfilled all of their obligations under the Equity Purchase Agreement.

49. Under Section 8.15 of the Equity Purchase Agreement, the parties agreed that any party would be entitled to seek specific performance and other equitable relief to prevent breaches of the Equity Purchase Agreement and to enforce its specific terms and provisions.

50. Defendants have not fulfilled and are in breach of the Equity Purchase Agreement.

51. As a direct and proximate result of Defendants' breaches, Plaintiffs are entitled to specific performance of the Equity Purchase Agreement in the form of an order directing Defendants to pay Plaintiffs the Past Due Amount, plus interest due thereon from December 4, 2024, plus the $350,000 that must be released on September 4, 2025, plus any interest due thereon after September 4, 2025, plus the fees and costs (including reasonable attorneys' fees) Plaintiffs incur enforcing their rights under the Equity Purchase Agreement.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

   i. Enter judgement in favor of KGR and KPF;

   ii. Award KGR and KPF actual damages in the amount of $700,000;

   iii. Award KGR and KPF pre- and post-judgement interest (at the prime interest rate) on all damages suffered from the date they were suffered, and award KGR and KPF their attorneys' fees and costs to the extent permitted by law and the Equity Purchase Agreement; and

    iv.    Award such other and further relief as this Court deems just and proper.

                                              FAEGRE DRINKER
                                              BIDDLE & REATH LLP

                                              */s/ Todd C. Schiltz*
                                              Todd C. Schiltz (#3253)
                                              Ryan M. Messina (# 6875)
                                              222 Delaware Avenue, Suite 1410
                                              Wilmington, DE 19801
                                              (302) 467-4200
                                              Todd.Schiltz@faegredrinker.com
                                              Ryan.Messina@faegredrinker.com

                                              *Attorneys for Plaintiffs,*
                                              *KGR Holdings, LLC*
                                              *and KPF Holdings, LLC*

Dated:  July 24, 2025